NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re:  AMAZON.COM, INC.,**
*Petitioner*

---

2022-157

---

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:21-cv-01081-ADA, Judge Alan D. Albright.

---

**ON PETITION**

---

Before HUGHES, WALLACH, and STOLL, *Circuit Judges.*

PER CURIAM.

### O R D E R

Amazon.com, Inc. petitions for a writ of mandamus directing the United States District Court for the Western District of Texas to sever the claims against Coghlan Family Enterprises LLC and to transfer the remaining claims against Amazon to the United States District Court for the District of Colorado.[1] Because we find the district court

---

[1]     Amazon also moves for leave to submit a supplemental appendix, which we grant.

clearly abused its discretion in evaluating the motions to sever and transfer, we grant the petition and direct the district court to grant Amazon's motions to sever and transfer.

I

In October 2021, Plaintiff Flygrip Inc. (Flygrip) filed suit against Amazon.com, Inc. (Amazon) alleging direct and indirect patent infringement based on resale, on Amazon's website, of certain handheld-device cases manufactured by PopSockets LLC (PopSockets), Otter Products LLC (Otter), and Quest USA Corp. PopSockets and Otter are both incorporated and headquartered in the District of Colorado. Amazon moved to transfer the case under 28 U.S.C. § 1404(a) to the United States District Court for the District of Colorado, noting that PopSockets and Otter had filed related actions in that district seeking declaratory judgment of noninfringement for their accused devices. Following venue discovery, Flygrip amended its complaint to add a small business residing in the Western District of Texas, Coghlan Family Enterprises LLC (CFE), as a co-defendant, alleging infringement based on CFE's sales and offers to sell PopSockets products on Amazon's website.[2]

Shortly after Flygrip filed its amended complaint, Amazon filed the two motions that form the basis of this petition. Amazon first moved to sever the claims against it from

---

[2]    Flygrip also added ATX Overstock LLC but then dismissed all claims against ATX. Flygrip later added Mr. Benjamin Tillinghast, a college sophomore at Purdue University who went to high school in Waco, who also allegedly resells accused products on Amazon's website. Pet. at 3-4. Because Mr. Tillinghast was only added after the district court's order, and neither party addresses his relevance to our analysis, we will not consider whether his addition weighs against transfer.

the claims against CFE, and then filed a revised motion to transfer the claims against it to the District of Colorado. Alternatively, Amazon sought to stay the entirety of the action pending the District of Colorado's resolution of Pop-Sockets' and Otter's declaratory judgment actions in parallel proceedings.

The district court denied Amazon's motions. The court concluded that CFE was not a peripheral party to the case and therefore the claims against CFE could not be severed. The court then summarily denied Amazon's motion to transfer based solely on the ground that the entirety of the action could not have been brought originally in the transferee forum because of lack of patent venue over CFE. The court also denied Amazon's request to stay the entire proceeding because the present case involves accused products that are not at issue in the declaratory judgment actions.

## II

Motions to sever are governed by Federal Circuit law, and we can turn to our sister circuits for guidance. *In re Nintendo Corp., Ltd.*, 544 F. App'x 934, 938 (Fed. Cir. 2013). A "court may [] sever any claim against a party" to facilitate transfer. *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1366 (Fed. Cir. 2014); *In re Nintendo Co., Ltd.*, 544 F. App'x 934, 941 (Fed. Cir. 2013); *Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968).

Motions to transfer are governed by the law of the regional circuit, in this case the Fifth Circuit. *In re Juniper Networks, Inc.*, 14 F.4th 1313 (Fed. Cir. 2021). We review transfer determinations in cases arising on mandamus from district courts in the Fifth Circuit for "clear abuses of discretion that produce patently erroneous results." *In re Planned Parenthood Fed. Am. et al*, 52 F.4th 625 (5th Cir. 2022) (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) (en banc)). In the case of a motion to transfer, "[t]he ultimate inquiry is whether the destination venue is 'clearly more convenient than the venue chosen by

the plaintiff.'" *In re Planned Parenthood*, 52 F.4th at 629. Accordingly, on appeal we review whether Amazon has shown a clear and indisputable right to issuance of the writ by analyzing the factors that traditionally govern transfer determinations.[3]

III

A

We consider Amazon's arguments in support of severance and transfer in light of several established background principles.

First, as our sister circuits have long recognized, a district court "must weigh carefully the comparative inconvenience of splitting the suit versus the advantages to be gained from a partial transfer" when considering sever-and-transfer requests. *Def. Distributed v. Bruck*, 30 F.4th 414, 428 (5th Cir. 2022) (internal quotation marks and citation omitted); *see White v. ABCO Eng'g Corp.*, 199 F.3d 140, 144 (3d Cir. 1999) ("Before effecting such a severance,

---

[3]    The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having disputes regarding activities occurring principally within a particular district decided in that forum; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *In re Juniper Networks, Inc.*, 14 F.4th at 1317.

The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of non-party witnesses whose attendance may need to be compelled by court order; (3) the relative convenience of the two forums for potential witnesses; and (4) all other practical problems that make the trial of a case easy, expeditious, and inexpensive." *Id.* at 1316–17.

a judge should weigh the convenience to the parties requesting transfer against the potential inefficiency of litigating the same facts in two separate forums."); *see also EMC Corp.*, 677 F.3d at 1354 ("[I]n developing our own law, we frequently look to the law of our sister circuits for guidance.").

Second, like other courts, we have recognized that the inclusion of a defendant only peripherally involved in, or indirectly connected to, the alleged wrongdoing should not preclude severance and partial transfer to a more convenient forum. *See Nintendo*, 756 F.3d at 1366. "Otherwise, a plaintiff could preclude the court from considering whether transfer would serve the interest of justice by including a defendant, not subject to suit in the more convenient district, who was in some manner peripherally involved in the alleged wrongdoing." *Wyndham*, 398 F.2d at 619.

Finally, under Fifth Circuit law, transfer "should be granted if the movant demonstrates that the transferee [forum] is clearly more convenient" based on an assessment of the private and public interest factors. *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013) (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) (internal quotation marks omitted)).

B

Applying these principles, we conclude that the district court abused its discretion by denying Amazon's motion to sever and motion to transfer.

First, the district court erred in its analysis because it failed to properly recognize that Flygrip's decision to add CFE as a defendant only *after* Amazon filed its first motion to transfer suggests that it was intended to affect the transfer analysis. We have previously cautioned that, "to the extent that post-motion events may ever be considered in a section 1404(a) analysis, we must guard against manipulative measures designed to defeat transfer to a more

convenient venue." *In re NetScout Sys., Inc.*, No. 2021-173, 2021 WL 4771756, at *5 (Fed. Cir. Oct. 13, 2021). In *NetScout*, we held that the plaintiff's filing of additional actions in the Western District of Texas after a motion to transfer was filed was an impermissible attempt at venue manipulation and disregarded those actions. *Id.* Here, the addition of CFE—who happens to be the only Western District of Texas-based online reseller out of a list of approximately 150 identified online resellers—*after* Amazon filed its first motion to transfer is suspect. This is only further compounded by Flygrip's decision to add yet another co-defendant, Mr. Tillinghast, once Amazon filed its mandamus petition, as discussed *supra* n.2. Furthermore, because "venue is determined at the date of filing," we "need not analyze the propriety of venue as to these late-added parties." *Hoover Group, Inc. v. Custom Metalcraft, Inc.*, 84 F.3d 1408, 1409 (Fed. Cir. 1996).

Even if Flygrip's actions had not amounted to venue manipulation, severance is still appropriate here to facilitate transfer. CFE is a small locally owned retailer whose sales of the allegedly infringing products "amount[] to just over $3,000." SAppx2. These claims are peripheral to the claims against Amazon, and "severance is particularly appropriate in peripheral claim cases to facilitate transfer." *In re WMS Gaming Inc.,* 564 F. App'x 579, 582 (Fed. Cir. 2014). Here, the district court further erred by not giving any, let alone due, consideration to the advantages to be gained from having the claims against Amazon proceed in the District of Colorado. Instead, it only considered whether the claims against CFE and Amazon should be severed, and having concluded that the claims should remain together, the district court determined that it did not need to assess any of the transfer factors. The court therefore skipped the remainder of the analysis: it failed to assess the advantages to be gained from a partial transfer (based on the transfer factors) and to then determine whether those benefits are "outweighed by the judicial

economy considerations of having all claims determined in a single lawsuit." *In re Rolls Royce Corp.*, 775 F.3d 671, 681 (5th Cir. 2014). Once the claims against CFE are severed from the claims against Amazon, the transfer factors weigh heavily in favor of transferring the claims against Amazon to the District of Colorado.

Here, the factor that weighs most heavily in favor of transfer to the District of Colorado is that the sources of proof for the claims against Amazon are almost exclusively found in Colorado. In patent infringement cases, "the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (citation omitted). Amazon is an online retailer but not the manufacturer of the accused products, so the bulk of evidence will need to come from PopSockets and Otter, who are both located in Colorado. In contrast, Flygrip admitted during venue discovery that it had *no* documents in the Western District of Texas. Pet. at 20. In addition, Amazon argues that "[t]he witnesses with knowledge of the" accused products "are in Colorado, and thus the District of Colorado would require far less travel time for them." Pet. at 22. On the other hand, Flygrip does not have any witnesses in Texas. Flygrip's witnesses are primarily located in New York (where it is headquartered), and travel to Texas is not significantly easier than travel to Colorado. When, as here, "there are numerous witnesses in the transferee venue and the only other witnesses are far outside the plaintiff's chosen forum, the witness-convenience factor favors transfer." *In re Google LLC*, 2021-170, 2021 WL 4427899, at *4 (Fed. Cir. Sept. 27, 2021). Thus, the overwhelming presence of documents and witnesses in the

IN RE: AMAZON.COM, INC.

District of Colorado weighs heavily in favor of granting Amazon's motion to transfer.[4]

The district court's numerous errors in its analysis of the motions to sever and transfer amount to a clear abuse of discretion. *See Munoz–Pacheco v. Holder*, 673 F.3d 741, 745 (7th Cir. 2012) ("Failure to exercise discretion is not exercising discretion; it is making a legal mistake.") We therefore vacate the court's order and direct the district court to grant Amazon's motion to sever the claims against CFE from the claims against Amazon, and to grant Amazon's partial motion to transfer the claims against it to the United States District Court for the District of Colorado.

Accordingly,

IT IS ORDERED THAT:

(1) Amazon's motion for leave to file a supplemental appendix is granted.

(2) The petition for a writ of mandamus is granted to the extent described in this order. The district court is directed to grant Amazon's motion to sever the claims involving CFE. Furthermore, the district court is directed to transfer the claims against Amazon to the United States District Court for the District of Colorado.

FOR THE COURT

December 15, 2022                    /s/ Peter R. Marksteiner
        Date                        Peter R. Marksteiner
                                    Clerk of Court

---

[4]    The remaining public and private interest factors are generally neutral in this analysis.